## FRATERNAL ORGANIZATIONS INCORPORATED IN OTHER STATES.

THE STATE OF OHIO, EX REL THE GREAT CAMP KNIGHTS OF
MODERN MACCABEES, v. VORYS, SUPERINTENDENT OF
INSURANCE, ETC.

69 Ohio State—Decided, October 13, 1903.

*Association Organized and Incorporated in Another State—Has Right to be Admitted in Ohio, When—Condition of Sections 3631-13 and 3631-16, Revised Statutes—Mandatory upon Insurance Superintendent—Law Concerning Similarity in Names.*

Where an association is organized or incorporated in another state, province or territory, under laws which provide for such an association operating within the description, in substance, as set forth in Section 3631-11, Revised Statutes, and is shown by certificate to be authorized to do business in that state, and is not now be admitted to do business within this state, when it shall have filed with the superintendent of insurance of this state a duly certified copy of its charter and articles of association, a copy of its constitution or laws certified by its secretary or corresponding officer, and an appointment of the superintendent of insurance of this state as the person upon whom process may be served, as provided in Section 3631-13, Revised Statutes, and under such circumstances, Section 3631-16, Revised Statutes, is mandatory upon the superintendent of insurance to issue to such association a certificate authorizing it to do business within the state of Ohio.

In Mandamus.

The relator asks this court to issue a writ of mandamus commanding the defendant to issue to the relator a permit in writing to do business in the state of Ohio, as a fraternal beneficiary association, under the provisions of the statute in such case made and provided. The relator alleges that it is a fraternal beneficiary association, originally incorporated in 1881 under the laws of the state of Michigan, and re-incorporated in 1893 under act number 119 of the public acts of 1893 of the laws of the state of Michigan. It also avers that it is such a fraternal beneficiary association as is declared and defined and authorized to be organized and to be permitted to do business in this state under Section 3631-11, Revised Statutes, of the state, upon the relator's compliance with the conditions prescribed by the fraternal beneficiary laws of this state. It is averred that on September 16, 1902, the relator filed with the defendant as superintendent of insurance an application for a permit in writing to do business in this state, and that the relator filed with the defendant, accompanying said application, a duly certified copy of the relator's charter and articles of association, a copy of the relator's constitution and laws, duly certified to by its record-keeper and secretary, an appointment of the superintendent of insurance of this state as the person upon whom process may be served, a certificate from the commissioner of insurance of the state of Michigan that the relator is authorized to do business in the state of Michigan, in which it is incorporated, and a financial statement of the business of relator for the year ending December 31. 1901; and that the defendant, on the presentation of said documents and application, refused and still refuses to issue to the relator such permit in writing.

The defendant by his answer, in his first defense, admits that the relator was re-incorporated under act number 119 of the public acts of 1893 of the laws of the state of Michigan; that he is, and was at the time mentioned in the petition, the duly appointed, qualified and acting superintendent of insurance of the state of Ohio; and that on September 16, 1902, the relator filed with him an application for a permit in writing to do business in this state as a fraternal beneficiary association, a duly certified copy of relator's charter and articles of association, a copy of its constitu-

tion and laws certified to by its record-keeper and secretary, an appointment of the superintendent of insurance of this state as the person upon whom process may be served, a certificate of the commissioner of insurance of the state of Michigan, reciting that relator is authorized to do business in the state of Michigan, a financial statement of its business for the year ending December 31, 1901. a copy of its application for membership, and copy of benefit certificate, and that the relator tendered the defendant the statutory fee of $25 for such permit; and also admits that defendant at the time of said application refused and still refuses to issue such permit to the relator, and he denies all the allegations of the petition not herein expressly admitted.

For a second defense the defendant in substance sets out that it appears in the copy of the articles of association so filed with him on September 16, 1902, that the name of this corporation shall be The Great Camp of the Knights of the Modern Maccabees, etc., setting out in detail the laws and rules and regulations of The Great Camp of the Modern Maccabees, and averring that the provisions in the copy of the articles of incorporation and constitution and laws of the relator, so filed with the defendant, disclose that the relator is not a fraternal beneficiary association as defined in Section 3631-11, Revised Statutes, in this: That is not a corporation, society, or association formed, or organized, or carried on for the sole benefit of its members and their beneficiaries, and that while the subordinate tents have a lodge system with ritualistic form of work, the relator does not have a lodge system with ritualistic form of work; and that the relator does not have a representative form of government; and that the members of camps in Ohio will not have representation equal to that accorded tents in Michigan, etc.

In his third defense the defendant avers that at the time of the passage of the act of April 27, 1896. known as the fraternal beneficiary act, being Sections 3631-11 to 3631-23, Revised Statutes, there existed a fraternal beneficiary association with ritualistic form of work known as The Supreme Tent of the Knights of the Maccabees of the World; that said association for eleven years prior to the passage of said act had been doing business in the state of Ohio, and has duly filed its annual reports, designated the superintendent of insurance as the person upon whom process may be served; and has therefore been at all times, and is

now, duly authorized by the superintendent of insurance of this state to continue its business in this state in accordance with the provisions of Section 3631-11; that by the constitution and laws of The Supreme Tent of the Knights of the Maccabees of the World, great camps are organized in various states and territories of the United States and provinces of Canada; and there is and has been for eighteen years, under the jurisdiction of said Supreme Tent, a Great Camp of the Knights of the Maccabees for Ohio, and under this there have been subordinate tents or lodges established in the state of Ohio. The defendant sets out in detail the similiarity in names, laws, rules and regulations between the said Supreme Tent of the Knights of the Maccabees of the World and the relator, and further says that if the relator is permitted to transact business in the state of Ohio. in case an action is brought against it and process served on the defendant by virtue of relator's appointment of him as its attorney for that purpose, it will have the same legal force and vitality as if served on the relator, and under the provisions of Section 3631-15, Revised Statutes, the defendant, when served with any process, is required to notify the association sued of such suit and forward copies to it, careful action being imposed by statute on defendant in order to guard the rights of the association similar to the relator now doing business in Ohio, and also of the relator, if it be permitted to do business in this state; and that to permit the relator to do business in this state under a name and title similar to that of another beneficiary organization, will lead to confusion in the defendant's department, and in the public mind, as to the identity of the person sued and for whom the defendant is acting and receiving service, and that for the protection of the defendant against liability, to error in the transaction of his business, the relator ought not to be permitted to transact business under a name and title which would produce confusion and uncertainty. Wherefore, he prays that the petition and supplemental petition be dismissed at costs of relator, The Great Camp of the Knights of the Modern Maccabees, and that he may go hence without day and costs.

The relator demurred to the third defense of the answer for the reason that the same does not contain allegations sufficient to constitute a defense to the petition; and for reply to the second defense of the answer makes certain specific denials.

Upon motion, the Honorable E. B. Dillon was appointed master commissioner to take evidence and report his findings of fact and conclusions of law in the case; and on the twenty-seventh of April, 1903, the said master filed the evidence taken by him and submitted by the parties in this court, together with his report. The conclusions of law in said report are as follows:

"First. That the relator is a fraternal beneficiary association, as the same is described and defined in Section 1 of the fraternal beneficiary act, 92 O. L., 360 (3631-11).

"Second. That the relator has fully and completely complied with the provisions of said act, 92 O. L., 360 (3631-11 to 3631-23).

"Third. That the demurrer of plaintiff to the third defense of the defendant be sustained.

"Fourth. That the superintendent of insurance of the state of Ohio is not vested with an absolute discretion in the exercise of the functions of his office with reference to the admission or rejection of foreign insurance companies desiring to do business in this state; but on the other hand, that where he is in manfest error in regard to the facts or his construction of the law, he may be compelled by mandamus to act.

"Fifth. That a peremptory writ of mandamus issue against the defendant and in favor of the relator as prayed for in the petition."

The relator filed a motion to confirm the report of the master and enter judgment as prayed for in the petition. The defendant filed exceptions to the findings of facts and conclusions of law of the master, and moved to vacate and set aside the judgment, and for judgment in his behalf.

*J. B. McIlwain* and *Fred C. Rector,* for relator.

*John M. Sheets,* Attorney-General, and *J. E. Sater,* for defendant.

DAVIS, J.; BURKET, C. J., SPEAR and PRICE, JJ., concur; SHAUCK, J., dissents.

Section 6 of the "Act regulating fraternal beneficiary societies, orders and associations," passed April 27, 1896 (92 O. L., 360; Section 3631-16, Revised Statutes), is mandatory upon the superntendent of insurance to issue to any association having the right to do business within this state, as provided by said act, a permit and certificate authorizing such association to do

business within this state. Section 3 of the said act (Section 3631-13, Revised Statutes), requires that any association operating within the description as set forth in Section 1 of the act, organized under the laws of any other state, and not doing business within the state, *shall be admitted* to do business within this state *when* it shall have filed with the superintendent of insurance a duly certified copy of its charter and articles of association, a copy of its constitution or laws, certified by its secretary or corresponding officer, and an appointment of the superintendent of insurance of this state as the person upon whom process may be served as provided. In case the laws of the state, etc., in which such association is organized shall provide for such organization, it is also required that such association shall be shown by certificate to be authorized to do business in the state, etc., in which it is incorporated or organized. When all of these requirements are met, the association has "a right to do business within this state, as provided" by said act, and the superintendent of insurance has no option to refuse to issue the permit and certificate. He is not authorized under this act to enter into any inquiry in regard to a foreign fraternal beneficiary association applying to be admitted to do business within this state, except "in case the laws of such state, province, or territory do not provide for any formal authorization to do business on the part of the association." It appears in the record of this case that the relator is incorporated under the laws of Michigan and is authorized to do business in that state, and is so doing business. It also appears that the statutes of Michigan define and describe a fraternal beneficiary association substantially as it is defined and described in section one of the act of the General Assembly of Ohio now under consideration (Section 3631-11, Revised Statutes), and in almost the same words. It further appears that along with the application of the relator for admission to do business within the state of Ohio, as a fraternal beneficiary association, it filed with the defendant, as superintendent of insurance, a duly certified copy of the relator's charter and articles of association, a copy of the relator's constitution and laws duly certified by its record-keeper and secretary, an appointment of the superintendent of insurance of this state as the person upon whom process may be served, a certificate by the commissioner of insurance of the state of Michigan that the relator is authorized to do business in

the state of Michigan, and a financial statement of the business of the relator for the year ending December 31, 1901, being the year preceding the making of the application. We regard this as a compliance, in letter and in spirit, with the statute, and therefore hold that the relator has the right to do business within this state as provided in said act, and is entitled to have the permit in writing therefor according to the provisions of Section 3631-16, Revised Statutes.

A number of points have been submitted and argued which would be appropriate in an action in equity between rival corporations having similar names, and some which would probably be better addressed to the Legislature; but we do not find the decision of any of these to be essential here.

We have not overlooked the citation of decisions of this court as to the discretionary power of the superintendent of insurance in certain cases. We do not think that these apply to the case in hand for the reasons already stated, and for a further reason. In section one of the act now under consideration (Section 3631-11, Revised Statutes) it is enacted that ''such associations shall *be governed by this act,* and shall be *exempt from the provisions of the insurance laws of this state,* and no law hereafter passed shall apply to them unless they be expressly designated therein.'' So that fraternal beneficiary associations have a law unto themselves, and neither the insurance laws nor the construction thereof are applicable to them unless expressly made so.

Exceptions to the report of the master overruled, report confirmed, and

*Peremptory writ of mandamus awarded.*